UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAVID SMITH,

               Plaintiff,                Case No. 1:11-cv-1360

v.                                        Honorable Robert Holmes Bell

MICHAEL C. KENNERLY et al.,

               Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

## **Factual Allegations**

Petitioner David Smith presently is incarcerated at the Ionia Maximum Correctional Facility (ICF).  He sues Prison Health Services (PHS), PHS Dr. (unknown) Penda, ICF Dr. Richard M. Czop, and ICF Physician's Assistant (PA) Michael C. Kennerly.

According to the allegations of the complaint, Plaintiff is a chronic-care patient at ICF because he has sarcoidosis.  At some point in early 2010, Plaintiff began experiencing sharp pains in his abdomen and burning sensations in his hands, left leg and left foot.  The pains caused him difficulty in sleeping, as well as motor-skill problems that disrupted his daily activities.  He saw Dr. Czop, who ordered a series of blood tests in an attempt to diagnose the problem.  Plaintiff's blood was drawn sometime in April, and the test results were returned to the facility on May 3, 2010.  Dr. Czop, however, never reviewed the lab results.

On July 7, 2011, during a chronic-care visit, Plaintiff asked PA Kennerly about the results of his lab tests.  Kennerly looked up the lab results (which included 20 separate tests) on the computer and reported that the results were fine, with the exception of Plaintiff's triglyceride level, which might require a change in medications.  Kennerly failed to notice, despite a red flag on the result, that Plaintiff's fasting blood sugar was 215 MG/DL (where normal ranges from 65 to 110).  On physical examination, Kennerly did note tenderness in the abdominal area.

Later that same day, Plaintiff was seen by Nurse Bunting for his annual physical examination.  Bunting scheduled a finger-prick blood test for July 9.  On the morning of the blood test, Plaintiff awoke with a severe headache, blurry vision, fatigue and dehydration, as well as severe pain.  When he reached health care, his finger-prick test showed a blood sugar level of 427, and a second test showed a level of more than 600.  Plaintiff was immediately transported to Ionia Sparrow

Hospital, where he was diagnosed with diabetic ketoacidosis, a potentially life-threatening condition. He was transferred to Lansing Sparrow Hospital, where he also underwent a cardiac catheterization.

On July 12, 2010, Plaintiff was seen by Dr. Czop, who admitted that he "dropped the ball." (Compl. ¶ 20.) Czop explained that he had been overwhelmed and distracted by the medical needs of prisoners housed in the Level V portion of the facility, a number of whom had been engaged in a hunger strike and other self-injurious behavior. The Step-I grievance responder concluded that health care was responsible for the incident because the May 3, 2010 lab report was not reviewed by the medical provider. The grievance responder further concluded that the episode of diabetic ketoacidosis could have been prevented by proper initiation of treatment in May.

Plaintiff alleges that Defendants' actions violated the Eighth Amendment. He seeks compensatory and punitive damages.

## Discussion

### I.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## A.    Supervisory Liability

Plaintiff fails to make specific factual allegations against Defendants Penda and PHS, other than his claim that they failed to adequately train and supervise their subordinates. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior.

- 4 -

*Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Penda and PHS engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### B.    Eighth Amendment

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however, the need involves "minor maladies or

- 5 -

non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate

must "place verifying medical evidence in the record to establish the detrimental effect of the delay

in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a

sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867

(6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more

than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts

or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.*

Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn

that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states

a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute
> an unnecessary and wanton infliction of pain or to be repugnant to the conscience of
> mankind. Thus, a complaint that a physician has been negligent in diagnosing or
> treating a medical condition does not state a valid claim of medical mistreatment
> under the Eighth Amendment. Medical malpractice does not become a constitutional
> violation merely because the victim is a prisoner. In order to state a cognizable
> claim, a prisoner must allege acts or omissions sufficiently harmful to evidence
> deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate

and prison medical personnel regarding the appropriate medical diagnoses or treatment are not

enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir.

1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even

if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998).

Here, Plaintiff squarely acknowledges that he received ongoing and responsive medical care. He reports that he was seen regularly in the chronic care clinic, he received an annual physical, and Dr. Czop examined Plaintiff after he complained of abdominal pain and burning sensations in his extremities. Moreover, Dr. Czop ordered a series of blood tests in order to determine the cause of Plaintiff's complaints. Dr. Czop clearly was not deliberately indifferent to Plaintiff's suffering. Instead, Plaintiff alleges no more than that Dr. Czop was negligent in failing to read the lab report when it came in. The deliberate indifference standard "describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835; *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("[C]onduct that does not purport to be punishment at all must involve more

- 7 -

than the ordinary lack of due care for the prisoner's interests or safety.")  Plaintiff therefore cannot demonstrate that Czop was either aware of the seriousness of the risk presented by Plaintiff's blood sugar levels or that he disregarded that risk.  He therefore fails to state an Eighth-Amendment claim against Dr. Czop.

Similarly, Plaintiff's allegations against Defendant Kennerly are limited to a claim of simple negligence in reading the lab results on a single occasion and failing to notice the abnormal blood sugar result.  Plaintiff alleges no fact that would suggest that Kennerly acted with deliberate indifference to a known and serious risk.  *Farmer*, 511 U.S. at 835.  He therefore fails to state an Eighth Amendment claim against Defendant Kennerly.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: <u>January 30, 2012</u>                    <u>/s/ Robert Holmes Bell</u>
                                                 ROBERT HOLMES BELL
                                                 UNITED STATES DISTRICT JUDGE